**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re:<br><br>MERITAGE HOSPITALITY GROUP INC., *et al.*,[1]<br><br>Debtors. | ) | Chapter 11<br><br>Case No. 26-02947 (JWB)<br><br>(Jointly Administered) |
| MERITAGE HOSPITALITY GROUP INC.<br>INSPIRED BY OPPORTUNITY, LLC<br>UNCOMMON HOSPITALITY, LLC<br>WEN GEORGIA, LLC<br>WEN OHIO, LLC<br>WEN OKLAHOMA, LLC<br>WEN SOUTH, LLC<br>WEN TENNESSEE, LLC<br>WEN VIRGINIA, LLC<br>WM LIMITED PARTNERSHIP−1998<br>MHG FOOD SERVICE, INC.<br>RES MANAGEMENT, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>QUALITY IS OUR RECIPE, LLC<br>THE WENDY'S COMPANY,<br><br>Defendants. | ) | Adv. Pro. No. 26-80079 (JWB) |

**AMENDED REPORT PURSUANT TO FED. R. BANKR. P. 7026(f)**

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Meritage Hospitality Group Inc. (0460); MHG Food Service, Inc. (5926); OCM Development, LLC (7384); Wen Carolinas, LLC (3792); Wen Georgia, LLC (7369); Wen Ohio, LLC; (5959); Wen Oklahoma, LLC (8802); Wen South, LLC (1229); Wen Tennessee, LLC (2477); Wen Virginia, LLC (2840); WM Limited Partnership-1998 (9989); RES Management, LLC (9105); Inspired By Opportunity, LLC (3681); Uncommon Hospitality, LLC (8858); and Chicken Ventures, LLC (7215). The corporate headquarters and the mailing address for the Debtors is 45 Ottawa Ave SW Suite 600, Grand Rapids, MI 49503.

Pursuant to Fed. R. Bankr. P. 7026(f), a conference was held on October 5, 2026. The following persons participated in the conference:

Micah E. Marcus and Scott N. Opincar of McDonald Hopkins LLC on behalf of Meritage Hospitality Group Inc., Inspired By Opportunity, LLC, Uncommon Hospitality, LLC, Wen Georgia, LLC, Wen Ohio, LLC, Wen Oklahoma, LLC, Wen South, LLC, Wen Tennessee, LLC, Wen Virginia, LLC, WM Limited Partnership-1998, MHG Food Service Inc., and RES Management, LLC (the "Plaintiffs");

Aaron Van Nostrand and Nathan A. Haynes of Greenberg Traurig, LLP and Nicholas Slaue of Keller & Almassian, PLC on behalf of Quality Is Our Recipe, LLC and The Wendy's Company (the "Defendants");

Paul A. Wilhelm and Lisa Wolgast of Barnes & Thornburg LLP on behalf of City National Bank, as Administrative Agent — ("CNB");

Paul J. Battista and Eric D. Jacobs of Venable LLP on behalf of Old National Bank ("ONB," collectively with CNB, "Intervenors");

(1) **Initial Disclosures Required by Fed. R. Bankr. P. 7026(a)(1).**

[X] Parties waive disclosures; or

[ ] The parties agree to provide the following at the times indicated: [N/A]

(2) **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

(a) Discovery will be needed on the following subjects:

It is Debtors' position that they will require discovery on the following subjects:

- Whether the Franchise Agreements were effectively terminated before the petition date, including the notice given and the method of delivery (email versus physical delivery/FedEx);
- Compliance with the CNB Collateral Assignment Consent dated August 4, 2021 the Sharing Agreement between CNB and QIOR and the ONB Collateral Assignment Consent dated May 9, 2023, including notice to, and the cure rights of, the lenders;
- The Default Notice dated October 24, 2025, the applicable cure periods, the LOA and its amendments and extensions, and forbearance through August 18, 2026;
- The Termination Notice dated September 16, 2026, including the October 16, 2026 payment demand and the purchase option under § 17.11;



40316338.1

- The tender of, and negotiations concerning, the Short-Term License Agreement (“STLA”);
- Defendants’ anticipation of the bankruptcy filing; and
- Defendants’ post-petition communications with landlords, suppliers, and vendors.
- Correspondence and communications in general regarding performance under the Franchise Agreements (as amended from time to time) and the above-mentioned topics;
- Any other agreements to which CNB or ONB was or is a party or beneficiary (that could bear upon the termination issue), including, but not limited to, the January 15, 2026 Sharing Agreement between CNB and QIOR, agreements referenced therein, and any other agreements between or among CNB or ONB and Defendants or Debtors, and factual matters or issues surrounding same.

It is Defendants’ position that they will require discovery on the following subjects:

- Debtors’ defaults under the Franchise Agreements and Letters of Amendment.
- Defendants efforts to, and discussion of, the cure of any defaults.
- Debtors’ requests that Defendants forbear on exercising their termination rights.
- Debtors’ communications, both internally and with third-parties (including their lenders) regarding the defaults, forbearance, termination and bankruptcy.
- Debtors’ consideration of a bankruptcy filing.
- Debtors’ forbearance agreements with their lenders.
- Debtors’ closure of restaurants.
- Debtors’ consideration of the Short Term License Agreement.
- Debtors’ performance as a franchisee, including financial and operational issues.
- Debtors’ receipt of the Default Notice and Termination Notice and communications regarding such notices.

It is Intervenors’ position that they will require discovery on the following subjects:

- Any other agreements to which CNB or ONB was or is a party or beneficiary (that could bear upon the termination issue), including, but not limited to, the January 15, 2026 Sharing Agreement between CNB and QIOR, agreements referenced therein, and any other agreements between or among CNB or ONB and Defendants or Debtors, and factual matters or issues surrounding same.

(b) All discovery commenced in time to be completed by November 7, 2026 unless otherwise agreed in writing by the parties. All responses to written discovery served prior to October 14, 2026, due 17 days after service by email. No discovery will be served between October 14, 2026 and October 20, 2026. All responses to written discovery served on or after October 21, 2026, due 10 days after service by email.

(c) Maximum of 25 interrogatories, including subparts, by each party to any other party.

(d) Maximum of 40 requests for admission by each party to any other party.

(e) Maximum of 4 depositions by Plaintiffs and 4 by Defendants (any deponent may be cross-noticed by any Intervenor).

(f) Each deposition [other than of Rule 30(b)(6) designees] limited to a maximum of 7 hours unless extended by agreement of the parties. The parties will cooperate to complete depositions by November 7, 2026, including by remote means where agreed.

(g) Reports from retained experts under Fed. R. Bankr. P. 7026(a)(2) due: The parties do not presently anticipate the use of retained experts in this proceeding.

(h) Supplementation under Fed. R. Bankr. P. 7026(e) due within 5 days of discovery of the new information.

(3) **Electronically Stored Information.** Electronically stored information will be produced in reasonably usable, searchable PDF format or in native format, with metadata for emails. Each party acknowledges its preservation obligations, including as to text messages and messaging applications. The parties will cooperate in good faith with respect to the search parameters employed for the collection and review of electronically stored information.

(4) **Claims of Privilege and/or Protection.** Privilege logs are due 3 days after the production from which documents are withheld or redacted. The parties request that the Court enter an order pursuant to Fed. R. Evid. 502(d) providing that the production of privileged or protected material does not constitute a waiver in this or any other proceeding and permitting clawback of such material. The parties reserve all rights regarding depositions of counsel who

acted as business negotiators or as signatories of notices. The parties will meet and confer on this issue and will present any dispute to the Court promptly.

(5) **Other Agreed Upon Items.**

(a) City National Bank, Old National Bank, and the Official Committee of Unsecured Creditors may intervene in this adversary proceeding by consent. Each Intervenor shall respond to the complaint, if necessary, within 5 business days of entry of the order permitting their respective intervention and, with respect to CNB and ONB, the stipulated order regarding reservation of claims.

(b) Intentionally omitted.

(c) All potentially dispositive motions shall be filed by November 12, 2026. Responses are due by November 23, 2026, and replies are due by December 4, 2026. The parties request a hearing at the Court's earliest availability thereafter.

(d) The proceeding should be ready for trial by: The parties contemplate cross-motions for summary judgment to resolve the claims of Plaintiffs as to Defendants, and the contention of Intervenors that Defendants' termination of the franchise agreements and leases was not effective pre-petition, while claims between or among other entities (including CNB, ONB and Defendants) are expressly reserved and to be litigated in another proceeding; and therefore, the parties propose that no trial date be set at this time. If the dispositive motions do not resolve this proceeding, the parties will submit an expedited trial schedule within 7 days of the Court's ruling.

(e) Jury Trial Matters.

(i) [X] a jury trial was not timely demanded and is waived; or *[confirm Defendants' answer]*

[ ] a jury trial was timely demanded, but is waived; or

[ ] a jury trial was timely demanded but not waived.

(ii) [ ] the parties consent to the Bankruptcy Court conducting the jury trial; or

[ ] the parties do not at this time consent to the Bankruptcy Court conducting the jury trial. *[Not applicable if no jury trial was demanded.]*

(f) The parties agree that:

[X] This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O); or

[ ] This is a non-core proceeding otherwise related to the bankruptcy case.

(g) Plaintiffs and Defendants consent to the entry of a final order or judgment by the Bankruptcy Court in this proceeding based on the Complaint. The Intervenors, whose claims are expressly reserved as set forth in the Stipulated Order being tendered herewith, do not so consent with respect to their claims (or Defendants' claims as to CNB and ONB) as no determination is being sought with respect to such claims at this time; provided, however, the foregoing does not preclude Intervenors from seeking a determination that Defendants' termination of the franchise agreements and leases was not effective pre-petition.

(6) **Proportionality of Discovery.** Discovery is limited to the subjects identified in paragraph (2)(a) and to the period from January 1, 2025 forward, except as to the Collateral Assignment Consents and the Franchise Agreements, and any other agreements to which CNB or ONB was or is a party or beneficiary (that could bear upon the termination issue), including, but not limited to, the January 15, 2026 Sharing Agreement between CNB and QIOR, agreements referenced therein, and any other agreements between or among CNB or ONB and Defendants or Debtors, and factual matters or issues surrounding same.

(7) **Other matters.** An expedited schedule is necessary in light of the timing considerations under 11 U.S.C. §§ 108(b) and 365(d) and the ongoing operation of 314 restaurants. The parties will serve all discovery materials upon one another in this adversary proceeding via email.

(8) **Matters not agreed upon or insufficiently addressed by the foregoing.**

Dated: October 19, 2026

**MCDONALD HOPKINS LLC**

By: /s/ Scott N. Opincar_______________

Scott N. Opincar
Michael J. Kaczka
Maria G. Carr
600 Superior Avenue East, Suite 2100
Cleveland, Ohio 44114
216-348-5400
sopincar@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com

– and –

Micah E. Marcus
300 North LaSalle Street, Suite 1400
Chicago, Illinois 60654
312-642-2141
mmarcus@mcdonaldhopkins.com

*Counsel for Plaintiffs*

Dated: October 19, 2026

**GREENBERG TRAURIG, LLP**

By: /s/ Nathan A. Haynes_________________

Nathan A. Haynes
Aaron Van Nostrand
One Vanderbilt Avenue
New York, NY 10017
212-801-9200
haynesn@gtlaw.com
Aaron.VanNostrand@gtlaw.com

– and –

A. Todd Almassian
Nicholas Slaue
KELLER & ALMASSIAN, PLC
230 Fulton Street East
Grand Rapids, MI 49503
616-364-2100
talmassian@kalawgr.com
nlaue@kalawgr.com

*Counsel for Defendants Quality Is Our Recipe, LLC and The Wendy's Company*

Dated: October 19, 2026

**VENABLE LLP**

By: /s/ Paul J. Battista
Paul J. Battista
801 Brickell Avenue, Suite 1500
Miami, FL 33131
305-349-2300
pjbattista@Venable.com
edjacobs@Venable.com

– and –

Eric D. Jacobs
100 N. Tampa Street, Suite 2600
Tampa, FL 33602
813-439-3100
edjacobs@Venable.com

*Counsel for Old National Bank*

Dated: October 19, 2026

**BARNES & THORNBURG LLP**

By: /s/ Paul A. Wilhelm
Paul A. Wilhelm
171 Monroe Avenue NW, Suite 1000
Grand Rapids, MI 49503-2694
616-742-3908
PWilhelm@btlaw.com

– and –

Lisa Wolgast
Frank DeBorde
3340 Peachtree Rd NE Ste 2900,
Atlanta, GA 30326
404-846-1693
Lisa.Wolgast@btlaw.com
FDeBorde@btlaw.com

*Counsel for City National Bank, as Administrative Agent*

Dated: October 19, 2026

**LOWENSTEIN SANDLER LLP**

By: /s/ Gianfranco Finizio
Gianfranco Finizio
1251 Avenue of the Americas
New York, New York 10020
212-419-5877
gfinizio@lowenstein.com

*Proposed Counsel for Official Committee of Unsecured Creditors*